# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF MISSISSIPPI
## OXFORD DIVISION

**LISA BELL**                                                      **PLAINTIFF**

**vs.**                                        **CASE NO.:** 3:15-CV-133-MPM-SAA

**TUNICA RESTAURANT GROUP, INC.; AND**
**RICHARD ABADISIANS, INDIVIDUALLY**                              **DEFENDANTS**

---

## COMPLAINT & DEMAND FOR JURY TRIAL

---

COMES NOW, Plaintiff Lisa Bell ("Plaintiff"), by and through undersigned counsel, files this Complaint against Defendants, Tunica Restaurant Group, Inc. and Richard Abadisians, Individually ("Defendants"), for off the clock work, unpaid overtime compensation, retaliation, liquidated damages, declaratory relief and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) (the "FLSA"), and in support thereof states as follows:

### NATURE OF SUIT

1.      The FLSA was passed by Congress in 1938.  The principal Congressional purpose in enacting the FLSA was to protect all covered workers from substandard wages and oppressive working hours, labor conditions that are detrimental to maintenance of minimum standards of living necessary for health, efficiency, and general well-being of workers. *Barrentine v. Arkansas-Best Freight System, Inc.*, 450 U.S. 728, 739, 101 S.Ct. 1437, 1444 (1981).  The liquidated damage provision of the FLSA constitutes a Congressional recognition that failure to pay statutory minimum on time may be so detrimental to maintenance of minimum standard of living necessary for health, efficiency, and general well-being of workers and to the free flow of commerce, that double payment must be made in event of delay in order to insure restoration of

worker to that minimum standard of well-being. *Brooklyn v. Sav. Bank v. O'Neil*, 324 U.S. 697, 707-08, 65 S.Ct. 895, 902 (1945).

2.      This action is brought under the FLSA to recover from Defendants overtime compensation, liquidated damages, retaliation damages and reasonable attorney's fees and costs.

3.      Additionally, Plaintiff seeks a declaration of rights pursuant to Rule 57, Fed.R.Civ.P., and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §2201.

**JURISDICTION**

4.      Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended, 29 U.S.C. §201, *et. seq.* (hereinafter the "FLSA") to recover minimum wage, unpaid overtime, an additional equal amount as liquidated damages, retaliation damages, declaratory relief, and reasonable attorney's fees and costs.

5.      The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. §216(b).

6.      The Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in Tunica County, Mississippi.

**PARTIES**

8.      At all material times hereto, Plaintiff was a non-exempt, hourly employee who performed a variety of activities, including but not limited to duties associated with being a cashier and waitress for Defendants at its restaurant located in Tunica County, Mississippi.

9.     At all material times hereto, Defendant Tunica Restaurant Group, Inc. was a Mississippi Corporation that operated and conducted business in and among, Tunica County, Mississippi.

10.    At all material times hereto, Defendant, Richard Abadisians, operated and conducted business in and around Tunica County, Mississippi.

## COVERAGE

11.    At all material times hereto (2012 – 2015), Plaintiff was an "employee" within the meaning of the FLSA.

12.    At all material times hereto (2012 – 2015), Defendants were the "employer" within the meaning of the FLSA.

13.    At all material times hereto (2012 – 2015), Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

14.    At all material times hereto (2012 – 2015), Defendants were, and continue to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

15.    At all material times hereto (2012 – 2015), Defendants were an enterprise covered by the FLSA, and as defined by 29 U.S.C. § 203(r) and 203(s).

16.    Based upon information and belief, Defendants earned gross revenues of at least Five Hundred Thousand and 0/100 dollars ($500,000.00) per annum at all material times hereto (2012 – 2015).

17.    At all material times hereto (2012 – 2015), Defendants employed two (2) or more employees engaged in interstate commerce in that said enterprise has had two (2) or more employees engaged in commerce or in the production of goods for commerce, or employees

handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person such as office supplies, building maintenance supplies, tools and equipment, etc.

18. At all material times during the last three (3) years, Defendants were an enterprise engaged in commerce by virtue of its regular and customary processing of interstate financial transactions, both via credit card processing and by check.

19. At all material times during the last three years, Defendants regularly and customarily engaged in interstate communications with its suppliers and other out-of-state businesses and individuals necessary for its day-to-day operation.

20. At all material times hereto (2012 – 2015), Plaintiff was "engaged in commerce" and subject to individual coverage under the FLSA in that she:

      a.      Operated instrumentalities of commerce;

      b.      Handled credit card transactions;

      c.      Handled and received goods from out-of-state suppliers;

      d.      Communicated across state lines; and/or

      e.      Performed work essential to any of the preceding activities.

21. At all material times hereto, Richard Abadisians regularly exercised the authority to: (a) hire and fire employees of Tunica Restaurant Group, Inc.; (b) determined the work schedules for employees of Tunica Restaurant Group, Inc.; and (c) controlled the finances and operations of Carpet Spectrum by virtue of having regularly exercise that authority on behalf of Tunica Restaurant Group, Inc., Richard Abadisians is an "employer" as defined by 29 U.S.C. § 201, *et seq.*

22.     At all material times hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

23.     At all material times hereto, Defendants failed to comply with 29 U.S.C. §§ 201-209, because Plaintiff performed services for Defendants for which no provisions were made by Defendants to properly pay Plaintiff for those hours worked in excess of forty (40) hours within a workweek.

## FACTUAL ALLEGATIONS

24.     Defendants operate a restaurant inside the Horseshoe Hotel and Casino located in Tunica, Mississippi.

25.     Defendant, Richard Abadisians, owns and operates Tunica Restaurant Group, Inc.

26.     On or about December 13, 2011, Defendants hired Plaintiff to perform work as a non-exempt employee at its restaurant.

27.     Plaintiff work for Defendants until January 17, 2015.

28.     Plaintiff worked for the Defendants and performed work as a cashier, waitress and other non-exempt positions.

29.     Defendants paid Plaintiff an hourly rate of pay of $11.00 per hour.

30.     At all times material hereto, Plaintiff routinely worked hours in excess of forty (40) hours per week for Defendants.

31.     However, Defendants failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek.

32.    Plaintiff should be compensated at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a single workweek, as required by the FLSA.

33.    Plaintiff was also routinely required to work off-the-clock without compensation. Specifically, Plaintiff was directed by management to spend forty-five (45) minutes to an hour performing pre-shift activities and was required to attend staff meetings off-the-clock without being compensated.

34.    Furthermore, Defendants regularly made illegal deductions from Plaintiff's actual gross earnings for various reasons.

35.    Plaintiff made various complaints to Defendants because of their repeated failures to compensate her for all hours worked and compensate her overtime at the proper rate.

36.    Plaintiff, through counsel, also made demand of Defendants for back pay as a result of Defendants' FLSA violations.

37.    As a direct result of Plaintiff's complaints to be compensated in accordance the law, Defendants retaliated against her by creating intolerable working conditions that led to the terminating her employment with Defendants.

38.    Upon information and belief, the records, to the extent any exist, concerning the number of hours worked and amounts paid to Plaintiff are in the possession and custody of Defendants.

39.    At all material times hereto (2012 – 2015), Defendants have violated Title 29 U.S.C. § 207, in that: a) Plaintiff worked in excess of forty (40) hours per workweek for the period of employment with Defendants; b) No payments or provisions for payment were made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times

Plaintiff's regular rate for those hours worked in excess of forty (40) hours per workweek, as provided by the FLSA; and c) Defendants failed to maintain proper time records as mandated by the FLSA.

40.     Defendants failed and/or refused to properly disclose or apprise Plaintiff of her rights under the FLSA.

41.     Defendants' failure and/or refusal to properly compensate Plaintiff at the rates and amounts required by the FLSA was willful.

<b><u>COUNT I – RECOVERY OF OVERTIME COMPENSATION</u></b>

42.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41 above.

43.     During the relevant time period, Plaintiff worked in excess of forty (40) hours per workweek for which Plaintiff was not compensated at the statutory rate of one and one-half times Plaintiff's regular rate of pay.

44.     Plaintiff was, and is, entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours in a workweek.

45.     At all times material hereto, Defendants failed, and continue to fail, to maintain proper time records as mandated by the FLSA.

46.     Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for the hours worked in excess of forty (40) hours per workweek when they knew, or should have known, such was, and is, due.

47.     Defendants failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

48.     Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

49.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. §216(b).

WHEREFORE, Plaintiff requests a judgment entered in her favor and against Defendants for actual and liquidated damages, as well as costs, expenses and attorneys' fees and such other relief deemed proper by this Court.

## COUNT II – RETALIATION

50.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41 above.

51.     Plaintiff complained to Defendants and demanded to be compensated overtime in accordance with the FLSA.

52.     As a direct result of her complaints, Plaintiff was subjected to harassment that ultimately resulted in her termination.

53.     Plaintiff was subjected to an adverse employment by Defendants and has suffered damages as a result Defendants' actions.

54.     As a direct and proximate result of Defendant's unlawful conduct, Plaintiff has been damaged.

55.     Defendants' actions towards Plaintiff are discrimination and retaliation against Plaintiff in violation of 29 U.S.C. §215(a)(3).

WHEREFORE, Plaintiff demands judgment against Defendants, including, but not limited to, reimbursement of an amount equal to the loss of wages and other benefits suffered by reason of Defendants' unlawful conduct, including interest on such back wages, together with costs and attorneys' fees, compensatory and emotional distress damage, and such further relief that this Court determines to be just and appropriate, including any and all injunctive relief this Court deems just and proper.

## COUNT IIII – DECLARATORY RELIEF

56.     Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 41 above.

57.     Plaintiff and Defendants have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

58.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

59.     Plaintiff may obtain declaratory relief.

60.     Defendants employed Plaintiff.

61.     Defendants are an enterprise.

62.     Plaintiff was individually covered by the FLSA.

63.     Defendants failed to pay Plaintiff the applicable minimum wage for all hours worked.

64.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

65.     Defendants did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

66.     Defendants did not rely on a good faith defense in their failure to abide by the provisions of the FLSA.

67.     Plaintiff is entitled to an equal amount of liquidated damages.

68.     It is in the public interest to have these declarations of rights recorded.

69.     Plaintiff's declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

70.     The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

71.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour provisions of the FLSA;

b.  Awarding Plaintiff overtime compensation in the amount due to her for Plaintiff's time worked in excess of forty (40) hours per workweek;

c.  Awarding Plaintiff liquidated damages in an amount equal to the overtime award;

d.  Awarding Plaintiff back and front pay due to Defendants' retaliation against her;

e.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

f.  Awarding Plaintiff pre-judgment interest;

g.  Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

WHEREFORE PREMISES CONSIDERED, Plaintiff demands trial by jury on all issues so

tribal as a matter of right by jury.

DATED, this the 4th day of August, 2015.

Respectfully submitted,

LISA BELL, PLAINTIFF

**CHRISTOPHER ESPY, ESQ.**

Christopher W. Espy, Esq. (MSB#: 102424)
MORGAN & MORGAN
188 East Capitol Street, Suite 777
Jackson, Mississippi 39211
Phone: 601-718-2087
Fax:     601-718-2102
Email: cespy@forthepeople.com

**ATTORNEY FOR PLAINTIFF**